**The STATE of Ohio, Appellee,**

**v.**

**BAY, Appellant.**

[Cite as *State v. Bay* (2001), 145 Ohio App.3d 402.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA2000–11–090.

Decided Aug. 20, 2001.

*Donald W. White,* Clermont County Prosecuting Attorney, and *David H. Hoffman,* Assistant Prosecuting Attorney, for appellee.

*Roger C. Stridsberg* and *Jim Rimedio,* for appellant.

WALSH, Judge.

Defendant–Appellant, James Matthew Bay, appeals the judgment of the Clermont County Court of Common Pleas, sentencing him to maximum, consecutive prison terms for counts of possession of marijuana and cultivation of marijuana. The judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded.

In May 1999, Bay pled no contest to one count of possession of marijuana, a violation of R.C. 2925.11(A), and one count of cultivation of marijuana, a violation of R.C. 2925.04(A), both fifth degree felonies. He was found guilty and sentenced to five years of community control. As part of his community control, he was required to serve six months in the Clermont County Jail. At the time of his sentencing, Bay was advised by the trial court that any violation of the community control conditions could result in more restrictive sanctions, longer control sanctions, or a prison term on each count.

On October 27, 2000, Bay was found guilty of violating the terms of his community control after testing positive for marijuana. He was sentenced to the maximum term of twelve months on each of the original counts, to be served consecutively. Bay appeals, raising a single assignment of error:

"The trial court erred to the prejudice of Mr. Bay in the sentence that was entered."

As an initial matter, the state suggests that the sentencing entry from which Bay appeals is not a final, appealable order because the entry provides Bay with a treatment option. The state contends that exercising this option would preclude the imposition of the prison sentence. The sentencing entry states as follows:

"[T]he community control is hereby revoked and the Defendant shall serve a stated prison term of twelve (12) months on each count, to be served consecutively to one another. This sentence is stayed until November 27, 2000 at 8:00 [a.m.] at which time he shall report to the Clermont County Jail on the condition that written verification is provided on acceptance into an inpatient treatment within one week."

We disagree with the state's reading of the entry. Bay requested that the trial court stay the imposition of the prison sentence for a period of time so that he could pursue treatment for his prescription drug dependency prior to being incarcerated. The trial court granted this request and stayed the prison sentence for thirty days, provided that Bay verify that he was actually receiving treatment. Regardless of whether Bay took advantage of this opportunity, the entry sentences him to a definite prison term of twelve months on each count; it does not provide Bay with a treatment option in lieu of a prison term.

■ An appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law or statute. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus.

The applicable record to be examined by a reviewing court includes the following: (1) the presentence investigative report, (2) the trial court record in the case in which the sentence was imposed, and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F)(1), (2), and (3). The sentence imposed upon the offender should be consistent with the overriding purpose of felony sentencing: "to protect the public from future crime" and "to punish the offender." R.C. 2929.11(A).

Appellant first contends that the trial court erred by sentencing Bay to maximum prison sentences on each count. A trial court may impose the maximum prison term upon an offender only if the trial court finds on the record that the offender "committed the worst [form] of the offense" or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). A trial court must provide the reasons underlying its decision to impose a maximum sentence. R.C. 2929.19(B)(2)(d) and (e); *State v. Boshko* (2000), 139 Ohio App.3d 827, 745 N.E.2d 1111. The trial court is guided by R.C. 2929.12(B) and R.C. 2929.12(D), which list factors relevant to this inquiry.

■ In the sentencing entry, the trial court found that Bay posed the greatest risk of recidivism. This finding is supported by the record. The most telling

evidence is that Bay's community control was revoked because he tested positive for marijuana. Bay himself requested a stay of the prison sentence so that he could go through an inpatient drug abuse program. The trial court noted Bay's continuing course of conduct and stated, "I don't know if you can start to see a trend here but if you keep it up and you're going to be spending the greater part of your live [*sic*] in institutions." The record adequately supports the trial court's finding that Bay poses the greatest risk of recidivism.

■ Bay next contends that the trial court erred by ordering consecutive sentences. Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Finally, the trial court must also find that one of the additional factors listed in R.C. 2929.14(E)(4)(a) through (c) applies:

"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.

"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

■ R.C. 2929.14(E)(4) does not require that the trial court use the exact words of the statute to impose consecutive sentences upon an offender. *State v. Finch* (1998), 131 Ohio App.3d 571, 575, 723 N.E.2d 147, 149–150; *State v. Mirmohamed* (1998), 131 Ohio App.3d 579, 584, 723 N.E.2d 152, 155–156. However, the trial court is required to state sufficient supporting reasons for imposition of such sentences. R.C. 2929.19(B)(2)(c); see *State v. Edmonson* (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131, 133–134; *State v. Simpson* (Apr. 3, 2000), Clermont App. No. CA99–07–078, unreported, 2000 WL 342135.

In its sentencing entry, the trial court specifically stated:

"[T]the shortest prison term will demean the seriousness of the defendant's conduct and * * * the shortest prison term will not adequately protect the public from future crime by the Defendant or others. The court further finds for the

reasons stated in Revised Code Section 2929.14(C) that the defendant poses the greatest likelihood of recidivism."

The trial court considered appellant's conduct and made ample findings supporting the imposition of consecutive sentences. The trial court's decision to impose consecutive sentences is supported by the record and not contrary to law.

■ Bay next contends that the trial court erred by deferring his initial six-month jail sentence until after he had fully served a prison sentence for an unrelated felony conviction. Appellant failed to appeal from the entry sentencing him to community control and a six-month jail term. App.R. 4(A) requires that a party file a notice of appeal, required by App.R. 3, "within thirty days of the later of entry of the judgment or order appealed." Because Bay did not timely appeal the original six-month sentence, this issue is not properly before us and we will not consider it.

■ Bay lastly contends that he should have been granted a credit for time he served in the Clermont County Jail as a condition of receiving the community control sanctions.

R.C. 2967.191 requires that an offender's prison term be reduced "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced[.]" R.C. 2929.15(A) makes it clear that the community control sanction of local incarceration is a sentence directly imposed for the original felony. *State v. Hines* (1999), 131 Ohio App.3d 118, 122, 721 N.E.2d 1093, 1095–1096. Consequently, Bay's incarceration in the Clermont County Jail is confinement "arising out of the offense for which [he] was convicted and sentenced" within the express parameters of R.C. 2967.191, mandating credit for the confinement. See *id.;* see, also, *State v. Kerry* (July 20, 2001), Belmont App. No. 00BA20, unreported, 2001 WL 844752; *State v. Brody* (Feb. 9, 2001), Lake App. No. 2000–L–018, unreported, 2001 WL 114978; *State v. Corbin* (1999), 131 Ohio App.3d 239, 722 N.E.2d 154.

Failing to credit Bay with the time served effectively adds it to the original sentence and could be construed as multiple punishments for the same offense in violation of the Double Jeopardy Clause. *Hines* at 123, 721 N.E.2d at 1096–1097, citing *State v. Gustafson* (1996), 76 Ohio St.3d 425, 432, 668 N.E.2d 435, 441. Accordingly, Bay's prison sentence must be reduced by the time that he actually served in the Clermont County Jail pursuant to the community control sanctions originally ordered by the trial court. This matter is remanded to the trial court to properly calculate the number of days to be credited.

Judgment affirmed in part, reversed in part, and cause remanded for further proceedings.

*Judgment accordingly.*

WILLIAM W. YOUNG, P.J., and VALEN, J., concur.