ACCELERATED JOURNAL ENTRY AND OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Local Rule 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel. Defendant Lamar Chaney pleaded guilty to aggravated robbery and two counts of kidnapping. The pleas in this case were made along with pleas in four other cases with the understanding that in all five cases the court would issue an aggregate sentence of between fifteen and twenty years. The court sentenced Chaney to nine years in this case, to be served consecutively with nine years in CR-394297A and served consecutively with one year in CR-394011B, for a total of nineteen years. Chaney complains that the court failed to state the requisite findings and reasons in support of its order for consecutive sentences.
By entering into a plea agreement that provided for a sentence within a specific range, Chaney waived the right to contest any part of that sentence that conforms to the terms of the plea agreement. The court's sentence unquestionably falls within the fifteen to twenty-year range agreed upon between Chaney and the state. In fact, the only way he could receive a sentence in the fifteen to twenty-year range was if the court ordered two of the sentences to be served consecutively the maximum term for a first degree felony is ten years. See R.C. 2929.14(A)(1). Chaney's acquiescence to the plea implicitly agreed to have the court issue consecutive sentences, so he invited the error of which he complains. See State v. Smith, Cuyahoga App. No. 79936, 2002-Ohio-3114.
Even had Chaney not waived any error by inviting it, we would nonetheless affirm. R.C. 2929.14(E)(4) does not require the court to recite the exact words (sometimes referred to as magic or talismanic) of the statute in order to impose consecutive sentences upon an offender. State v. Finch (1998), 131 Ohio App.3d 571, 574; State v. Mirmohamed (1998), 131 Ohio App.3d 579, 584; State v. Bay (2001), 145 Ohio App.3d 402,406. With this principle in mind, we find the court adequately stated the findings and reasons for imposing consecutive sentences. The court noted that Chaney was an individual for whom recidivism is likely. The court further noted that the crimes were ones of extreme violence and that the community is endangered by his presence.
The court did not specifically state findings relating to the proportionality of consecutive terms, but the reasons stated in the record make it so obvious that it would be a gesture in futility to require the court to make more specific findings. Chaney and a codefendant committed two armed robberies that caused psychological and economic harm to the victims, at least two of whom were small children who were forced to watch these codefendants bind and gag their mother. Chaney robbed a restaurant by putting a gun to one employee's head and forcing his way inside. Two restaurant employees later quit their jobs because of the psychological impact. These facts more than justify a finding that consecutive sentences were not disproportionate to the harm caused. The assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN PRESIDING JUDGE ANN DYKE, J., and TERRENCE O'DONNELL, J., CONCUR.