OPINION
¶ 1 Defendant-appellant, Donald Trivett, appeals the decision of the Clermont County Court of Common Pleas crediting him for time served. We affirm the decision of the trial court.
¶ 2 On March 15, 1991, appellant was convicted of aggravated vehicular homicide under R.C. 2903.06(A) with two specifications: first, that he was under the influence of alcohol; and second, that he had previously been convicted of driving while under the influence of alcohol. On January 31, 1991, appellant executed a written plea of guilty to the charge. Appellant was sentenced to a four-to-ten year term. On September 29, 1997, after serving approximately six years and seven months of his sentence, appellant was permitted to withdraw his plea and plead anew. A new five-to-ten year sentence was imposed and immediately suspended under former R.C. 2951.02. Appellant was then placed on probation for five years.
¶ 3 While on probation, appellant fled the jurisdiction. On August 7, 1998, an affidavit alleging a probation violation was filed. Appellant was later discovered serving a 33-month prison sentence in South Carolina.
¶ 4 On November 30, 2001, a probation revocation hearing was held wherein it was revealed that appellant had been convicted in South Carolina of "being drunk behind the wheel and attempting to hit a police officer." Appellant's Ohio probation was revoked and the previously suspended five-to-ten-year prison sentence was imposed. Judgment was entered December 7, 2001, and the trial court separately entered a statement crediting appellant with 70 days on December 19, 2001. Appellant appeals the decision raising three assignments of error:
Assignment of Error No. 1
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN FAILING TO SET FORTH THE CREDIT FOR TIME SERVED IN ITS SENTENCING ENTRY."
 ¶ 5 Appellant argues that the mandatory language of R.C. 2967.191
and R.C. 2949.12 requires the trial court to calculate credit in the sentencing entry for any time of incarceration that arises out of the offense for which he was convicted and sentenced.
¶ 6 For offenses committed prior to July 1, 1996, R.C. 2967.191 is directed to the adult parole authority ("APA"), not the trial court. SeeState v. Flynn (Mar. 28, 1997), Meigs App. No. 96CA10, at fn. 3. It is the duty of the APA to implement a sentence reduction based upon credit determinations performed by the sentencing court. See id. The sentencing court makes the determination as to the amount of time served by the prisoner prior to being sentenced and committed to imprisonment in a facility under the supervision of the adult parole authority. State exrel. Corder v. Wilson (1991), 68 Ohio App.3d 567, 572.
¶ 7 The trial court's duties in this regard are set out in Ohio Adm. Code 5120-2-04(B), which provides:
¶ 8 "The sentencing court determines the amount of time the prisoner served before being sentenced. The court must make a factual determination of the number of days credit to which the prisoner is entitled by law and, if the prisoner is committed to a penal or reformatory institution, forward a statement of the number of days confinement which he is entitled by law to have credited. This information is required to be included within the journal entry imposing the sentence." See, also, former Crim.R. 32.2(D).
¶ 9 R.C. 2967.191 and R.C. 2949.12 provide for the mandatory crediting of jail-time credit. See State v. Thorpe (June 30, 2000), Franklin App. No. 99-AP-1180, at 2; State v. Persons (Mar. 22, 2000), Meigs App. No. 99CA10, at fn. 1. R.C. 2967.191 provides that, "[t]he adult parole authority shall reduce the minimum and maximum sentence or the definite sentence of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine his competence to stand trial or sanity, * * *, and confinement while awaiting transportation to the place where he is to serve his sentence."
¶ 10 R.C. 2949.12 states that the prisoner's sentencing order should also reflect, "* * * pursuant to section 2967.191 of the Revised Code * * * the total number of days, if any, that the felon was confined for any reason prior to conviction and sentence." R.C. 2949.12. See, also, State v. Stafford, Noble App. No. 265, 2002-Ohio-5243 at ¶ 52. When R.C. 2967.191 is read in light of the broad language highlighted in R.C. 2949.12, appellant is entitled to credit for all of his pretrial confinement. See id.
¶ 11 While the sentencing court did not set forth the credit for time served in its sentencing entry, it did file a separate entry crediting appellant with time served. The statement of time served, filed on December 19, 2001, indicates that "[t]he court hereby determines that the defendant has served Seventy (70) days including travel time, under this case number." A separate entry, filed by the court, is an appropriate method to notify the APA of credit for time served. See Statev. Crane (Apr. 1, 1986), Franklin App. No. 85AP-780, at 5. Therefore, the court performed its duty to notify the APA of appellant's credit for time served prior to being sentenced.
¶ 12 Appellant argues he was denied the right to be heard as to the computation or accuracy of the credit. However, appellant addressed the court on the subject. At appellant's probation violation hearing he stated, "my previous six years seven month [sic] I believe should be credited toward the new sentence." The trial court answered by stating that it is "up to the Parole Board."
¶ 13 Pursuant to R.C. 2967.191, it is the sole duty of the APA to credit a defendant who has already been convicted and sentenced with time spent in confinement. Cf. State v. Longworth, Clark App. No. 2001-CA-39, 2002-Ohio-4115, at ¶ 8; State ex rel. Jones v. O'Connor,84 Ohio St.3d 426, 427, 1999-Ohio-470. Because the duty to grant time spent in confinement rests solely with APA, appellant's remedy is with the APA rather than trial court. See State v. Reynolds (Nov. 24, 1987), Franklin App. No. 87-AP-323, at 1.
¶ 14 Appellant was permitted to address the trial court as to the computation or accuracy of the credit and the trial court answered appellant. Therefore, appellant was not denied the right to be heard as to the computation or accuracy of the credit.
¶ 15 Appellant also argues he is entitled to credit for time served while being held in the state of South Carolina awaiting delivery to Ohio. Appellant argues that when he had completed his South Carolina sentence he was not free to leave. Appellant maintains he was released only to go to Ohio. Therefore, appellant argues he was held solely on the Clermont County detainer.
¶ 16 Appellant can receive credit while being held in the state of South Carolina awaiting delivery to Ohio only if he was held solely on the Clermont County detainer. See State v. Jordan (Aug. 10, 2000), Cuyahoga App. No. 76488, at 1. The statement of time served states, "[t]he court hereby determines that the defendant has served Seventy (70) days including travel time, under this case number." There is nothing to indicate that the seventy days with which appellant is credited does not include the time he spent in South Carolina awaiting delivery to Ohio. Consequently, there is no indication that appellant has not received credit for time served while being held in the state of South Carolina awaiting delivery to Ohio. Therefore, the first assignment of error is overruled.
Assignment of Error No. 2
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT INCREASED THE DEFENDANT-APPELLANT'S MINIMUM SENTENCE UPON FINDING OF PROBATION VIOLATION."
 ¶ 17 Appellant argues the double jeopardy clauses of the United States and Ohio Constitutions prohibit a trial court from increasing a defendant's sentence upon revocation of his probation where the defendant has served part of the sentence. Appellant maintains that because the five-to-ten year sentence was greater than the original four-to-ten year sentence, his sentence was increased.
¶ 18 However, appellant's sentence was not increased upon revocation of his probation. Appellant withdrew his guilty plea, plead anew, and was given a five-to-ten year sentence. App.R. 4(A) requires that a party file a notice of appeal, required by App.R. 3, "within thirty days of the later of entry of the judgment or order appealed." SeeState v. Bay (2001), 145 Ohio App.3d 402, 407. By waiting until probation was revoked, appellant waived any error. See id.
¶ 19 Consequently, there was no violation of double jeopardy principles. See State v. Draper (1991), 60 Ohio St.3d 81, 83. Therefore the second assignment of error is overruled.
Assignment of Error No. 3
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT IN FAILING TO CONSIDER THE TIME OF INCARCERATION SERVED UNDER A FOREIGN STATE CONCURRENT SENTENCE."
 ¶ 20 Appellant argues he is entitled to have his South Carolina sentence served concurrent with his Ohio sentence pursuant to R.C. 2929.41. Appellant also argues the South Carolina judgment entry permitted the sentence to be served concurrent to any "Ohio sentence [that] may be given."
¶ 21 However, R.C. 2929.41 does not preclude consecutive sentencing. See State v. Stacy (May 10, 1999), Warren App. No. CA98-08-093, at 9. Furthermore, R.C. 2929.41 does not require that new sentences run concurrent to fully-served, out-of-state sentences. SeeState v. McGurk (Apr. 26, 1996), Lucas App. No. L-95-207, at 2. Rather, it applies to currently existing sentences. Id.
¶ 22 Appellant fled Ohio's jurisdiction while under probation. While in South Carolina, appellant was convicted of "being drunk behind the wheel and attempting to hit a police officer." Appellant was sentenced in South Carolina to a 33-month term in prison. The South Carolina sentence was completed on August 16, 2001. Therefore, the South Carolina sentence was not currently existing when appellant's prior sentence was reinstated for the parole violation on November 30, 2001.
¶ 23 Additionally, the trial court did address appellant's incarceration in South Carolina. At the probation violation hearing, the trial court informed appellant that "the State of South Carolina has no jurisdiction, no control over me as to what sentence I impose, whether it's concurrent or consecutive, and under the old law that you were convicted of, any probation violation was by law served consecutively to any other sentence."
¶ 24 We find no error. Therefore, the third assignment of error is overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.