JOURNAL ENTRY and OPINION.
{¶ 1} Appellant Curtis Bobbitt appeals from his convictions and sentences which stemmed from his guilty pleas to drug trafficking in two separate cases. On appeal, he attacks the validity of his guilty plea and the court's imposition of consecutive sentences for his offenses; he assigns the following errors for our review:
 {¶ 2} "I. The trial court committed reversible error and denied Appellant due process of law by failing to advise Appellant of the possibility of consecutive sentences at the time he tendered his guilty pleas."
 {¶ 3} "II. The trial court committed reversible error by failing to find that the consecutive sentences are "not disproportionate" to the seriousness of the Appellant's conduct and the danger posed by Appellant before imposing consecutive sentences, as required by Ohio Rev. Code2929.14(E)(4)."
 {¶ 4} Having reviewed the record and applicable law, we affirm his conviction, reverse the sentence, and remand the case for resentencing.
 {¶ 5} The record reflects a grand jury indicted Curtis Bobbitt for drug trafficking and possessing criminal tools in case number 420852. It also indicted him for drug trafficking, possession of drugs, and possession of criminal tools in case number 423285.
 {¶ 6} At a plea hearing held on July 29, 2002, Bobbitt pled guilty to drug trafficking in both cases and the state dismissed the remaining charges in these cases. The court subsequently sentenced him to an eight-month prison term each for these offenses, to run consecutively. He now appeals from his convictions and sentences.
 {¶ 7} In his first assignment of error, he complains his plea was not knowingly and intelligently made as required by Crim.R. 11(C)[1]
because he claims the court failed to advise him of the possibility that his sentences for his two cases may run consecutively.
 {¶ 8} The Supreme Court of Ohio has reviewed this issue, and it held, in State v. Johnson:[2]
 {¶ 9} "Failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary."
 {¶ 10} In accordance with Johnson, therefore, we reject Bobbitt's challenge of his guilty plea and overrule his first assigned error.
 {¶ 11} In his second assignment of error, Bobbitt contends the court failed to make the requisite statutory finding that the consecutive sentences are not disproportionate to the seriousness of his conduct and the danger posed by him.
 {¶ 12} R.C. 2929.14(E)(4) requires a trial court to make a tripartite finding before it imposes consecutive sentences. The statute states, in relevant part:
 {¶ 13} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 14} "* * *
 {¶ 15} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 16} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 17} Furthermore, R.C. 2929.19(B)(2)(c) requires a court to make a finding that gives its reasons when imposing consecutive sentences. Here, the court stated the following in connection with its imposition of consecutive sentences:
 {¶ 18} "* * * that consecutive sentences are necessary here to protect the public and, because of the defendant's long history of criminal convictions, that consecutive sentences are necessary to protect the public from future crime and punishing the defendant." (Tr. 29.)
 {¶ 19} This language fell short of the statutory requirement. Although it made findings, albeit inartfully, regarding the necessity factor and the criminal history factor, it failed to make any finding that consecutive sentences in this case are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.
 {¶ 20} We recognize R.C. 2929.14(E)(4) does not require the court to recite the exact words of the statute, referred to as the "magic words" or "talismanic" approach.[3] Here, however, the court failed to make any finding as to the proportionality tier of R.C. 2929.14(E)(4). When the necessary statutory findings for an imposition of consecutive sentences have not been made, this court has consistently remanded the case for resentencing.[4]
 {¶ 21} Because the court failed to expressly make the requisite proportionality finding in accordance with R.C. 2929.14(E)(4), we remand this matter for resentencing.
Conviction affirmed; sentencing reversed, and case remanded for resentencing.
ANNE L. KILBANE, J., and SEAN C. GALLAGHER, J., CONCUR.
[1] Crim.R. 11(C) provides, in part:
"(C) Pleas of guilty and no contest in felony cases.
"* * *.
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence."
[2] (1988), 40 Ohio St.3d 130, syllabus.
[3] See, e.g., State v. Bay (2001), 145 Ohio App.3d 402, 406; State v.Finch (1998), 131 Ohio App.3d 571, 574; State v. Mirmohamed (1998),131 Ohio App.3d 579, 584; State v. Chaney, Cuyahoga App. No. 80496, 2002-Ohio-4020.
[4] See, e.g.,State v. Colegrove, 140 Ohio App.3d 306, 2002-Ohio-1825;State v. Ohler, Cuyahoga App. No. 79740, 2002-Ohio-3899;; State v.Sanders, (Apr. 13, 2000), Cuyahoga App. No. 75398, unreported; State v.Berry (Mar. 9, 2000), Cuyahoga App. Nos. 75470 and 75471; State v.Copeland (Mar. 2, 2000), Cuyahoga App. No. 75845; State v. Hendking
(Feb. 3, 2000), Cuyahoga App. Nos. 75179 and 75180; State v. Stroud
(Oct. 28, 1999), Cuyahoga App. No. 74756.