JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant Sandra Urquhart appeals from the sentence imposed upon her violation of the conditions of community control. For the reasons set forth below, we affirm. On July 2, 2001, defendant was indicted pursuant to a fifteen count indictment which charged her with one count of theft, ten counts of forgery and four counts of uttering in connection with allegations that she embezzled from her employer. Defendant subsequently entered guilty pleas to the theft charge (a fourth degree felony) and four of the forgery charges (fifth degree felonies), and the remaining counts of the indictment were nolled. At sentencing, the trial court determined that community control sanction would adequately protect the public and will not demean the seriousness of the offense. The Court then sentenced her to five years of community control upon the following condition:
 {¶ 2} "Defendant is to fully disclose to her present employer her criminal record * * * Defendant must disclose her record and that she has embezzled 2 times for over $85,000.00. Defendant is to have no drugs or alcohol; Defendant is to be arrested on first positive or dilute urine. Violation of terms and conditions may result in more restrictive sanctions, or a prison term of 18 months as to count 1 and 12 months as to counts 2, 3, 4 and 5. Counts to run consecutive to each other." The court further ordered that defendant was to make restitution in this matter and in a previous matter.
 {¶ 3} The court subsequently learned that defendant had forged a document which purported to apprise her employer of her criminal record. At the hearing held in connection with this matter, defendant admitted the forgery. The trial court noted that the instant offenses occurred while defendant was on probation in connection with a previous theft case, and it stated as follows:
 {¶ 4} "* * * [Y]ou, obviously, have woefully failed to learn anything from the criminal sanctions imposed in the past. You have gone further to, within days of getting probation, to denigrate the court system by providing forged documents to this court. You prolonged that denigration of the court system by providing them follow-up responsive forged memos * * *."
 {¶ 5} "In my eleven years on the bench, I have seen no other criminal do that. You have perpetuated and continued your course of lying and cheating your employers. I believe that you have now committed the worst form of the offense, the worst form of this offense. You definitely pose the greatest likelihood of committing future crimes. You have had three cases with the court which didn't mean anything to you."
 {¶ 6} "Therefore, I believe, that the longest term available on each count is proper in this case."
 {¶ 7} "I believe that you have also committed these crimes while on probation. You committed the second set of crimes while on probation for the first set of crimes. So, you were under sanctions."
 {¶ 8} "The harm you have done to those businesses, especially in this economy, is very great and unusual insofar as you continued it after being caught once and you then — These [forged] memos are so indicative of recidivism and of the harm that you can cause the business community. So, any single term of 18 months or 12 months does not adequately reflect the seriousness of your conduct."
 {¶ 9} "I believe that consecutive terms are needed to protect the public. I am going to impose the maximum consecutive terms on all counts in this case." (Tr. 12-13).
 {¶ 10} Defendant now appeals and assigns a single error for our review.
 {¶ 11} Defendant's assignment of error states:
 {¶ 12} "The trial court imposed a sentence contrary to law in the case at bar, by imposing maximum, consecutive sentences without the requisite findings."
 {¶ 13} Within this assignment of error, defendant asserts that the trial court failed to make adequate findings and announce adequate reasons to support the maximum, consecutive sentence imposed. Defendant notes that she was initially granted community control sanctions, did not cause the most economic harm possible for a felony four theft offense, and that the court considered her subsequent actions in announcing that it believed that defendant has "now committed the worst form of the offense, the worst form of this offense." (Tr. 12) (emphasis added).
 {¶ 14} With regard to the fact that defendant was initially ordered to serve a conditional period of community control, we note that pursuant to R.C. 2929.19(B)(5), a court imposing a community control sanction must notify the defendant that if any of the conditions of the sanction are violated, the court may order a longer or more restrictive sanction or it may impose a prison term. The court must also indicate the specific prison term that may be imposed upon violation of the community control sanction from the available range of prison terms. R.C. 2929.15(B). If the defendant violates the conditions of the community control sanction, the sentencing court may then impose one of the available prison terms that does not exceed the term specified by the Court under R.C. 2929.19(B)(5) at the time of the original sentencing. See State v.Virasayachak (2000), 138 Ohio App.3d 570, 741 N.E.2d 943; State v.Catron (Dec. 10, 2001), 12th Dist. No. CA2001-03-040.
 {¶ 15} In this matter, the journal entries prepared in connection with the original sentence indicate that the trial court informed defendant that she could be sentenced to an eighteen month prison term for the theft charge and twelve month prison terms on the forgery charges if she violated the conditions imposed upon the community control sanction. After defendant admitted that the violation had occurred in connection with her forgery of documents for the court, the trial court imposed those predesignated terms of imprisonment. Accordingly, the trial court complied with its statutory duties under R.C. 2929.15(B) and R.C.2929.19(B)(5).
 {¶ 16} We further note, in evaluating the sentences imposed herein, that a trial court may impose a prison sentence when "`it finds that, consistent with the purposes and principles of sentencing, an offender is not amenable to community control.'" See State v. Brown,146 Ohio App.3d 654, 2001 Ohio 4266, 767 N.E.2d 1192, quoting State v.Brewer (Nov. 24, 2000), 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455. However, when a trial court imposes a prison term for a violation of a term of community control, it should sentence the offender anew and comply with all relevant sentencing statutes. See State v. Brown (2000),136 Ohio App.3d 816, 823, 737 N.E.2d 1057, 1062.
 {¶ 17} As to the court's imposition of maximum terms of incarceration, R.C. 2929.14(C) provides as follows:
 {¶ 18} "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *."
 {¶ 19} Pursuant to R.C. 2929.19(B)(2)(d), the trial court must state "its reasons for imposing the maximum prison term" on the record.State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131; State v.Bay (2001), 145 Ohio App.3d 402, 763 N.E.2d 218. The trial court is guided by R.C. 2929.12(B) and R.C. 2929.12(D) in making this inquiry.Id. We find that the trial court complied with the statutory requirements in sentencing defendant to maximum terms of incarceration. The Court complied with its duties under the statute. The Court specifically found that there was a great likelihood that defendant would commit future crimes because she committed the instant offenses while on probation and had been prosecuted previously.
 {¶ 20} As to the imposition of consecutive sentences, R.C. provides for concurrent sentences unless the court determines that consecutive sentences should be imposed pursuant to R.C. 2929.14. In accordance with that statute, the trial court may impose consecutive prison terms for convictions of multiple offenses upon the making of certain findings enumerated in the statute. Specifically, R.C.2929.14(E)(4) provides in pertinent part:
 {¶ 21} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 22} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 23} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 24} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 25} Under R.C. 2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences. State v. Klepatzski, 8th Dist. No. 81676, 2003-Ohio-1529; State v. Nichols (Mar. 2, 2000), Cuyahoga App. Nos. 75605, 75606, 2000 Ohio App. LEXIS 767. The record must demonstrate that the trial court's decision-making process included all of the statutorily required sentencing considerations. SeeKlepatzski, supra; Nichols, supra, 2000 Ohio App. LEXIS 767, citing Statev. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131. The trial court need not use the exact words of the statute; however, it must be clear from the record that the trial court made the required findings. Statev. Garrett (Sept. 2, 1999), Cuyahoga App. No. 74759, 1999 Ohio App. LEXIS 4083
 {¶ 26} In this matter, the trial court specifically determined that consecutive terms were necessary to protect the public in light of defendant's prior criminal history, the amount of money involved, and because defendant committed the instant offenses while on probation. Accordingly, the trial court made the requisite findings and stated adequate reasons to support those findings as required by law. While the Court further commented that recidivism was also likely for the additional reason that defendant had violated the terms of the originally imposed community sanction by forging memos which purported to demonstrate her compliance with the conditions imposed by the Court, this observation simply bolstered the conclusion which the Court had previously reached; it did not unfairly interject facts and circumstances which were without relation to the charged offense.
 {¶ 27} In accordance with the foregoing, defendant's assignment of error is without merit.
Affirmed.
ANTHONY O. CALABRESE, JR., J., concurs.
ANNE L. KILBANE, P.J., dissents (See attached dissenting opinion).