OPINION
{¶ 1} This criminal case was previously heard on appeal inState v. Love, 7th Dist. No. 00 CA 255, 2002-Ohio-7178 (hereinafter "Love I"). In that appeal, Appellant Terrance L. Love challenged the imposition of a five-year maximum prison sentence for a third degree felony attempted burglary conviction in the Mahoning County Court of Common Pleas. Appellant also challenged the determination that the sentence should be served consecutively to a sentence he was serving in Licking County. We remanded the case for resentencing with respect to the maximum prison term imposed, but affirmed the trial court's ruling with respect to the consecutive sentence. Appellant was resentenced to the same maximum five-year consecutive prison term. In this appeal, he again challenges whether a maximum and consecutive prison term was correctly imposed. As our decision in the original appeal affirmed the trial court's imposition of a consecutive prison term, that issue is now the law of the case. Our review of the transcript of the resentencing hearing reveals that the trial court made the appropriate findings and gave sufficient reasons for imposing the maximum sentence. Thus, we affirm the judgment of the trial court.
 {¶ 2} On January 21, 1999, Appellant entered a plea of guilty in the Mahoning County Court of Common Pleas to one count of attempted burglary, a third degree felony pursuant to R.C. §2923.02(A) and (E). The events which formed the basis of the indictment occurred in October of 1998. The trial court sentenced Appellant to three years of community control sanctions. He was ordered not to violate any laws or leave the state without permission. Appellant was informed that the maximum penalty for the crime was five years in prison, and that he could receive this sentence if he violated the terms of his community control sanctions.
 {¶ 3} On November 9, 2000, the Mahoning County Prosecutor's Office filed a motion to revoke Appellant's community control sanctions. The motion was based on the fact that Appellant had pleaded guilty in Licking County to aggravated murder and other crimes while subject to community control sanctions.
 {¶ 4} A probation revocation hearing was held on November 14, 2000. Appellant admitted that he violated his probation. The court proceeded to the sentencing phase of the hearing and imposed the maximum five-year prison term. The court also ordered that the prison term be served consecutively to Appellant's earlier sentence imposed in Licking County.
 {¶ 5} Appellant appealed the imposition of the maximum consecutive prison term. This Court reversed the imposition of the maximum five-year term based on the trial court's failure to sufficiently indicate which of the factors found in R.C. §2929.14(C) formed the basis for the maximum sentence. Love I at ¶ 26. This Court affirmed the trial court's determination that the sentence must be served consecutively to the sentence being served in Licking County. Id. at ¶ 42. The case was remanded for resentencing only on the issue of the maximum sentence. Id. at ¶ 43.
 {¶ 6} A new sentencing hearing was held on January 10, 2003. The trial court again sentenced Appellant to the maximum prison term of five years. The trial court filed its judgment entry on January 10, 2003, and Appellant filed this timely appeal on February 10, 2003.
 {¶ 7} Appellant's sole assignment of error states:
 {¶ 8} "The trial court erred by imposing the maximum sentence upon appellant consecutive to another sentence on an unrelated matter."
 {¶ 9} Appellant correctly asserts that the sentencing record must reflect the trial court's reasons for imposing a maximum sentence in accordance with R.C. § 2929.14(C): "[i]n order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." State v. Edmonson (1999), 86 Ohio St.3d 324,329, 715 N.E.2d 131. R.C. § 2929.14(C) states:
 {¶ 10} "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 11} In addition, R.C. § 2929.19(B)(2)(d) requires the trial court to give its reasons for imposing a maximum sentence.
 {¶ 12} Appellant first argues that the trial court was required to impose the shortest prison term because he had not been sentenced to a prison term prior to his attempted burglary conviction. Appellant is apparently referring to the requirements of former R.C. § 2929.14(B), which states:
 {¶ 13} "(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 14} Whether or not Appellant served a prior prison term is irrelevant based on State v. Evans, 102 Ohio St.3d 240,2004-Ohio-2659 (decided June 9, 2004). Evans held that when a court properly imposes a maximum sentence under R.C. §2929.14(C), the court does not need to also satisfy the requirements found in R.C. § 2929.14(B) when imposing more than the minimum sentence. Id. at ¶ 13. "R.C. 2929.14(B) is inapplicable where a maximum sentence is imposed for a single offense, provided that the record reflects that the court based the sentence upon at least one R.C. 2929.14(C) criterion." Id. at ¶ 15. The issue, then, is whether the trial court correctly followed R.C. § 2929.14(C) in imposing the maximum prison term.
 {¶ 15} The trial judge stated on the record that he was imposing the maximum sentence because Appellant posed the greatest likelihood of committing future crimes, based on the fact that he committed an aggravated murder while already subject to community control sanctions for another crime. (1/10/2003 Tr., p. 12.) The record, therefore, supports the imposition of a maximum sentence because it contains one of the required findings of R.C. § 2929.14(C) and a reason supporting that finding.
 {¶ 16} Appellant also argues that it was inappropriate for the trial court to refer to events which occurred after his original crime (the attempted burglary in 1998) in determining whether Appellant posed the greatest likelihood of committing future crimes. Appellant gives no further explanation other than that he believes the trial court was not permitted to rely upon any events that occurred after the original sentence was imposed. The caselaw contradicts Appellant's argument. In cases of resentencing after a defendant violates his or her community control sanctions, many courts have specifically relied upon the defendant's conduct during the community control period to determine the defendant's likelihood of committing future crimes.State v. Burton, 1st Dist. Nos. C-020014, C-020203, 2002-Ohio-6653, ¶ 18;State v. Sim, 11th Dist. No. 2001-L-134, 2002-Ohio-5995; ¶ 27-28;State v. Wallace (Mar. 29, 2002), 2nd Dist. No. 18684, p. *1; State v. Bay (2001),145 Ohio App.3d 402,405-406,763 N.E.2d 218 (12th Dist.). Thus, it would appear that any relevant event or fact that occurs up to the date of the resentencing hearing is relevant in determining a defendant's likelihood of committing future crimes.
 {¶ 17} Appellant also contends that he was not under community control sanctions when he committed aggravated murder in Licking County. This issue was previously determined in LoveI, in which we found that Appellant was subject to community control sanctions at the time of the aggravated murder, and that he had admitted violating the terms of his probation during the probation revocation hearing on November 14, 2000. Id. at ¶ 5-6. Appellant may be confusing the fact that he was released from the residency program at the Community Corrections Facility with the fact that he was placed under community control sanctions for three years. When Appellant was released from the residency program, he was placed under the authority of the Adult Parole Authority, and was still subject to community control. (7/28/1999 Termination Report from Community Corrections Corp.) The murder in Licking County occurred while he was still subject to the authority of the Adult Parole Authority, and thus, was still subject to community control sanctions.
 {¶ 18} These are the only arguments that Appellant presents as a basis for reversing the imposition of the maximum five-year sentence. None of these arguments has merit.
 {¶ 19} Appellant also challenges the trial court's imposition of a consecutive sentence. R.C. § 2929.14(E)(4) allows for the imposition of consecutive sentences if the following factors are satisfied:
 {¶ 20} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court mayrequire the offender to serve the prison terms consecutively if
the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 21} "(a) The offender committed one or more of themultiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was underpostrelease control for a prior offense.
 {¶ 22} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 23} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." (Emphasis added.)
 {¶ 24} R.C. § 2929.19(B)(2)(c) requires the sentencing court to state its reasons for electing to impose a consecutive sentence pursuant to R.C. § 2929.14. The Supreme Court has interpreted R.C. § 2929.14(E) and R.C. § 2929.19(B)(2) to require that the trial court enumerate its findings and give reasons supporting those findings at the sentencing hearing. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, ¶ 21.
 {¶ 25} Appellant previously challenged the trial court's imposition of consecutive sentences in Love I, and we overruled the assignment of error and affirmed the trial court judgment.Love I at ¶ 42. Based on the law of the case doctrine, Appellant is no longer in a position to raise this error. The law of the case doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. Nolan v. Nolan (1984),11 Ohio St.3d 1, 3, 462 N.E.2d 410. Furthermore, in Love I we remanded the case only for further review of the trial court's imposition of the maximum prison term. We did not order a remand on the issue of the trial court's decision to impose a consecutive sentence. For these reasons, we decline to address this aspect of Appellant's assignment of error.
 {¶ 26} We have found no merit in Appellant's arguments. Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed in full.
Donofrio, J., concurs.
Vukovich, J., concurs.