OPINION
{¶ 1} Scott A. Carter, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court re-sentenced him based upon a prior jury verdict finding him guilty of three counts of aggravated robbery, one count of robbery, one count of aggravated burglary, and three counts of kidnapping. Each of the counts carried firearm specifications pursuant to R.C. 2941.145.
 {¶ 2} On November 29, 2001, appellant was indicted on 14 counts. Following a jury trial on three counts of aggravated robbery, one count of robbery, one count of aggravated burglary, and three counts of kidnapping, the jury returned verdicts finding appellant guilty on all counts and accompanying firearm specifications. As pertinent to this appeal, one of the aggravated burglary counts concerned appellant's May 15, 2001 robbery at gunpoint of James W. Linker ("Linker") at his business, The Link Stamp Company. The other counts related to two separate incidents involving the robberies of Edward and Elizabeth Hetzel and Theodore Jones. The trial court imposed maximum consecutive prison sentences for appellant's convictions, for a total of 87 years of imprisonment.
 {¶ 3} Appellant appealed that judgment and, in State v.Carter, Franklin App. No. 03AP-778, 2005-Ohio-291, this court overruled appellant's first five assignments of error and sustained in part and overruled in part his sixth assignment of error. In his sixth assignment of error, appellant contended that the trial court failed to give its reasons for imposing maximum, consecutive sentences. Although we concluded the court properly imposed a maximum sentence, and the trial court stated its findings and gave reasons for ordering consecutive sentences with respect to the Hetzels and Jones robberies, the record did not reflect the trial court enumerated any reasons in support of its findings with regard to the Linker robbery as required by R.C.2929.19(B)(2)(c). We found the court merely reiterated the statutory language in R.C. 2929.14(E)(4) without giving reasons in support of its decision to impose a consecutive prison sentence for the Linker offense. Accordingly, we sustained appellant's sixth assignment of error with regard to the trial court's imposition of consecutive sentences and remanded the matter for re-sentencing.
 {¶ 4} Upon remand, the trial court held a hearing on March 25, 2005. The trial court made an oral pronouncement and again sentenced appellant to 87 years of imprisonment. The court's determination was journalized on March 29, 2005. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTE[N]CES UPON APPELLANT CONTRA R.C. § 2929.14(E)(4)[.]
 {¶ 5} Appellant asserts in his assignment of error that the trial court erred in imposing consecutive terms of imprisonment. A trial court's sentence will not be disturbed unless there is clear and convincing evidence that the sentence is contrary to law. R.C. 2953.08(G)(2)(b); State v. Stern (2000),137 Ohio App.3d 110, 114. Clear and convincing evidence must "produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Bay (2001),145 Ohio App.3d 402, 405, quoting Cross v. Ledford (1954),161 Ohio St. 469, 477. In applying this standard of review, we neither substitute our judgment for that of the trial court nor defer to the trial court's discretion. See R.C. 2953.08(G)(2). Rather, we look to the record to determine whether the sentencing court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record supporting those findings; and (4) properly applied the statutory guidelines. SeeState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 6} A court may not impose consecutive sentences for multiple offenses unless it finds three statutory factors. R.C.2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Id. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c). Id.; see, also, Comer, at ¶ 13. The factors contained in R.C. 2929.14(E)(4)(a) through (c) are as follows: (a) the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense; (b) the harm caused by the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; and (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. Id. at paragraph one of the syllabus.
 {¶ 7} In the present case, appellant agrees that the trial court made the proper findings but contends the trial court failed to state its reasons for such findings with regard to the Linker robbery. Although appellant concedes the court reviewed the facts the jury found to find appellant guilty of the offense, he asserts the court failed to articulate why those facts were sufficient to satisfy the requirements of the law.
 {¶ 8} We have reviewed the transcript of the sentencing in this matter. Concerning the required findings under R.C.2929.14(E)(4), the trial court found that consecutive sentences were necessary to protect the public from future offenses and were not disproportionate to the conduct that was involved in this matter. The court further found that the crime occurred while appellant was under parole sanction, the harm caused was so great that no single prison term would adequately reflect the seriousness of appellant's conduct, and appellant's history of criminal conduct demonstrated that consecutive sentences were needed to protect the public.
 {¶ 9} The trial court was required to give reasons to support these statutorily enumerated findings at the sentencing hearing. Although in the present case we believe the trial court's reasons for imposing consecutive sentences were somewhat brief and their alignment with the findings was not precise, we find its analysis was sufficient. As to the court's reason for finding that consecutive sentences were necessary to protect the public, the court stated that appellant has demonstrated that either he is locked up where he cannot violate other citizen's rights or, when he is released, he takes others' property armed with a weapon. The court noted appellant has been to prison multiple times for multiple different offenses, and his criminal behavior has not changed. Thus, the court stated proper reasons as to why consecutive sentences were necessary to protect the public.
 {¶ 10} As to the court's reasons for finding consecutive sentences were not disproportionate to the conduct that was involved in this matter, the court stated it believed that the fact the Linker crime occurred amid a robbery rampage was conduct that called for consecutive sentences. Although the trial court did not specifically align it with this finding, the trial court also noted earlier that it did not view this crime as merely an "average run-of-the-mill armed robbery." The court reiterated that appellant went into a business with a firearm and stole the owner's property. We find these reasons support the finding that consecutive sentences were not disproportionate to the conduct involved.
 {¶ 11} Although the court found all of the enumerated circumstances contained in R.C. 2929.14(E)(4)(a) through (c) existed, it was required only to find that one applied before it could order consecutive sentences. The trial court found appellant was under a parole sanction at the time of the offense under R.C. 2929.14(E)(4)(a), and stated earlier in the hearing that appellant was still under state supervision when he committed this offense and had only been out of prison for 11 months at the time. These facts were undisputed. Therefore, the court's reasons were sufficient to support this finding. As the trial court's reasons under R.C. 2929.14(E)(4)(a) were adequate, we need not discuss (E)(4)(b) and (E)(4)(c).
 {¶ 12} For the foregoing reasons, we find the trial court complied with R.C. 2929.14(E)(4), 2929.19(B)(2)(c), and Comer
by giving reasons to support its findings. Therefore, the court did not err in imposing consecutive terms of imprisonment pursuant to R.C. 2929.14(E)(4). Appellant's assignment of error is overruled.
 {¶ 13} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Petree and McGrath, JJ., concur.