OPINION
{¶ 1} Appellant, Lucas Alvis, was convicted of violating R.C. § 2907.321(A)(5), pandering obscenity involving a minor child, a fourth degree felony. He was sentenced to six months of incarceration and two years of community control sanctions. The trial court also advised Appellant that he was subject to a sentence of 18 months in prison if he violated the original sentencing order. (Jan. 14, 2003, Judgment Entry of Sentence.)
 {¶ 2} Thereafter, on July 12, 2004, Appellant was accused of having sexual contact with two minor girls. In response, Appellant's probation officer conducted a random search of Appellant's residence on August 4, 2004. His probation officer found a laptop computer, that Appellant admitted belonged to he and his wife. (Tr., p. 12.) A search of Appellant's computer revealed approximately 37 video clips and 250 photographs pertaining to child pornography. (Tr., pp. 51-52, 57-58.)
 {¶ 3} Accordingly, the trial court found that Appellant was in violation of his community control terms since he was in possession of child pornography in violation of R.C. § 2907.321. Thus, Appellant's community control was revoked and he was sentenced to 18 months in prison. Appellant timely appealed the trial court's decision alleging an error in his sentencing. Although Appellant's argument lacks merit, this Court has no choice but to vacate Appellant's sentence and remand this matter for resentencing pursuant to the Ohio Supreme Court's recent decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470.
 {¶ 4} Appellant asserts in his sole assignment of error:
 {¶ 5} "THE TRIAL COURT'S SENTENCE IS CONTRARY TO LAW."
 {¶ 6} R.C. § 2929.15(B) indicates that a trial court must conform to the original sentencing statute when imposing a prison term on a defendant who violates a community control sanction.
 {¶ 7} Appellant was sentenced to the maximum allowable prison term after he violated the terms of his community control sanction. Appellant argues that the trial court erred in imposing the maximum sentence in his case because the trial court failed to find that his was the worst form of the offense in addition to the finding that he posed the greatest risk of recidivism.
 {¶ 8} Ohio's sentencing guidelines favor minimum sentences for offenders who have no history of imprisonment and generally disfavor maximum sentences. State v. Edmonson (1999),86 Ohio St.3d 324, 325, 715 N.E.2d 131.
 {¶ 9} At the time of Appellant's sentencing, R.C. §2929.14(C) authorized a sentencing court to impose the maximum sentence under certain conditions. The statute provided that a court,
 {¶ 10} "may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." R.C. §2929.14(C).
 {¶ 11} Appellant argues that the findings set out in R.C. §2929.14(C) are designed to be conjunctive, requiring a sentencing court to find that the offense was the worst form of the offenseand that the offender poses the greatest likelihood of recidivism.
 {¶ 12} However, the Ohio Supreme Court found the opposite.State v. Evans, 102 Ohio St.3d 240, 809 N.E.2d 11,2004-Ohio-2659, syllabus. Accordingly, R.C. § 2929.14(C) is to be read in the disjunctive, and a finding that Appellant posed the greatest risk of recidivism was sufficient to impose the maximum sentence. Id; State v. Ashbrook, 5th Dist. No. 2004-CA-00109,2005-Ohio-740, ¶ 76; State v. Love, 7th Dist. No. 03 MA 19,2004-Ohio-7062, ¶ 14. Thus, Appellant's argument lacks merit since the trial court concluded that Appellant presented the greatest likelihood of recidivism based on his record.
 {¶ 13} Notwithstanding the above, Appellant's sentence must be vacated based on the Ohio Supreme Court's recent decision inFoster, supra. Because Appellant takes issue with the R.C. §2929.14(C) findings on appeal and was sentenced to the maximum prison term for his community control violation, Foster
applies.
 {¶ 14} In Foster, supra, the Ohio Supreme Court concluded in part that R.C. § 2929.14(C) is unconstitutional since it requires the sentencing court and not the jury to make certain findings before imposing the maximum sentence. Id. at paragraph one of the syllabus. This decision was based on the United States Supreme Court's decisions in Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348 and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531.
 {¶ 15} Foster also held that the unconstitutional judicial factfinding requirements in R.C. § 2929.14(C) are severable because the general sentencing guidance statutes do not require judicial factfinding. Id. at paragraph two of the syllabus, ¶ 42. Thus, R.C. § 2929.14(C), which requires judicial factfinding for the imposition of a maximum prison term, was excised in its entirety. Id at ¶ 97. The specific findings required by the stricken sections are no longer mandated and a sentencing court is free to use its discretion to impose a sentence within the applicable range of penalties. A sentencing court is no longer required to enunciate specific findings before imposing a maximum sentence.
 {¶ 16} Accordingly, and pursuant to Foster, supra, the manner in which the court imposed Appellant's sentence is unconstitutional and is vacated. This matter must be remanded. On remand, the trial court should conduct another sentencing hearing unless the parties stipulate to the prior sentencing record and allow the trial court to impose a sentence based on that record. Id. at ¶ 104-105.
Vukovich, J., concurs.
DeGenaro, J., concurs.