DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction on a guilty plea for aggravated robbery and felonious assault in the Huron County Court of Common Pleas. Appellate counsel has moved to withdraw, pursuant to Anders v. California (1967),386 U.S. 738.
 {¶ 2} Shortly after midnight on January 22, 2003, appellant, David L. Coker, visited the Norwalk home of a friend, ostensibly to purchase a hunting knife. After appellant took the knife, he unsheathed and brandished it against its owner, demanding drugs and money. The confrontation ended with appellant stabbing his friend in the abdomen, causing a life threatening injury.
 {¶ 3} The victim survived. Appellant was named in a four-count indictment charging aggravated robbery, two counts of felonious assault and attempted murder. Appellant initially pled not guilty, but later, in a negotiated plea agreement, changed his plea to guilty to aggravated robbery and one count of felonious assault. Following a plea colloquy, the trial court accepted the plea and found appellant guilty. At the sentencing hearing, the state recommended a sentence of nine or ten years and advised the court that it did not oppose concurrent sentences. The trial court imposed a seven-year term of incarceration for the aggravated robbery and a five-year term for the felonious assault. The court ordered that the sentences be served consecutively. This appeal followed.
 {¶ 4} On November 5, 2003, appointed appellate counsel filed an Anders brief advising the court that, following a thorough review of the record, he was unable to ascertain any arguable issue for appeal. Counsel's motion for leave to withdraw was incorporated into the brief. Counsel submitted a copy of his motion and brief to appellant advising him of his right to file a pro se brief in this matter. Appellant has not submitted a brief on his own behalf.
 {¶ 5} Pursuant to Anders, appellant sets forth the following single potential assignment of error:
 {¶ 6} "The trial court erred to the prejudice of the Defendant-Appellant when it sentenced him to consecutive prison terms for two offenses that arose from a single course of conduct, where the combined sentences exceeded the maximum possible term for the more serious offense."
 {¶ 7} R.C. 2953.08(C) expressly permits an appeal by one upon whom consecutive sentences have been imposed which exceed the maximum prison term allowed for the most serious offense of which the defendant was convicted, but only upon leave of the appellate court. Appellant did not seek leave to appeal.
 {¶ 8} The irony here is, of course, that appellate counsel may not appeal this issue absent leave of the court. Without good cause to believe in the merits of the issue, a motion for leave to appeal would be frivolous and should not be interposed. SeeState v. Bertram (1997), 80 Ohio St.3d 281, 283. The very nature of an Anders brief is the assertion by appellate counsel that he or she has examined the record and found no issue of merit to appeal. Anders at 744.
 {¶ 9} However, for our purposes, we have examined the record and concur with appellate counsel that the R.C. 2953.08(C) issue is without merit. See State v. Albert (1997),124 Ohio App.3d 225, 229. We have also examined the record for issues tangentially raised by appellate counsel: knowing and intelligent waiver of rights at plea, possible breach of plea agreement, evidentiary support of the findings upon which the determination to impose consecutive sentences was based. We concur with appellate counsel that these issues are meritless. Accordingly, we find counsel's sole potential assignment of error wholly without merit. Moreover, we have carefully examined the record for other arguable issue and find none.
 {¶ 10} On consideration whereof, the court finds that the issues raised in this Anders brief are without merit and wholly frivolous. Counsel's motion to withdraw is well-taken and, hereby, granted. Judgment of the Huron County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
Handwork, P.J., Lanzinger, J., Singer, J. concur.