DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a sentence imposed by the Lucas County Court of Common Pleas. Glen Short, appellant, pled guilty to aggravated vehicular homicide, a violation of R.C. 2903.06. Because his sentence is not contrary to law, we affirm.
 {¶ 2} On Halloween night, at 5:56 p.m. appellant was driving while intoxicated and with a suspended license. He struck 17 year old Justin Roosevelt who was riding his bicycle. Justin landed on appellant's hood and fell off 177 feet down the road. Justin suffered a broken neck and died 24 minutes later. Instead of stopping, appellant raced away, speeding through several stop lights before the police pulled him over. Appellant's blood alcohol content was .191.
 {¶ 3} Appellant pled no contest to aggravated vehicular homicide. The charge included specifications for driving under the influence and driving under a suspended license which made the offense a first degree felony. R.C. 2903.06(B)(1)(a). Appellant was sentenced to an eight year mandatory prison term under R.C. 2929.14(A)(1) and (B). Appellant challenges his sentence as contrary to law, assigning the following error:
"The sentence imposed by the trial court was contrary to law as it was inconsistent with sentences imposed in similar cases and was not supported by the findings mandated by R.C. 2929.14(B)."
 {¶ 4} Criminal defendants have a right to appeal their sentences as contrary to law. R.C. 2953.08(A)(4). The sentence will not be disturbed unless there is clear and convincing evidence that the sentence is contrary to law. R.C.2953.08(G)(2)(b); State v. Stern (2000), 137 Ohio App.3d 110,114. Clear and convincing evidence must "produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Bay (2001),145 Ohio App.3d 402, 405, quoting Cross v. Ledford (1954), 161 Ohio St. 469,477.
 {¶ 5} Appellant must clearly and convincingly establish that his sentence is contrary to law by one of two mutually exclusive avenues. First, appellant can show that his sentence was inconsistent with sentences of similar defendants in similar cases. State v. Williams (Nov. 30, 2000), 6th Dist. Nos. L-00-1027, and L-00-1028. Second, appellant can demonstrate that the trial court did not make the statutorily required findings on the record before imposing the sentence. State v. Wyatt,
4th Dist. No. 01CA672, 2002-Ohio-4479, at ¶ 52, citing Statev. Jones (2001), 93 Ohio St.3d 391, 399.
 {¶ 6} Initially, appellant contends his sentence is contrary to law because it is inconsistent with the sentences of similar defendants in similar cases. Appellant was convicted of a first degree felony because he was driving while intoxicated and with a suspended license. See R.C. 2903.06(B)(1)(a)-(b). Appellant cites only one case that deals with a first degree aggravated vehicular homicide. See State v. Adams, 6th Dist. No. WD-02-035, 2003-Ohio-1034.
 {¶ 7} In Adams the defendant was convicted of one count of first degree aggravated vehicular homicide and sentenced to eight years in prison. The trial judge, however, failed to state on the record the reasons for deviating from the minimum. Thus, the sentence was reversed as contrary to law because the statutory requirements of R.C. 2929.14(B) were not met. Accordingly,Adams is not comparable to the instant case because the relevant aggravating and mitigating factors necessary for a consistency analysis were not made part of that record.
 {¶ 8} All of appellant's other "inconsistent" cases are distinguishable because they deal with lesser felonies. SeeState v. Williams (Nov. 30, 2000), Lucas App. Nos. L-00-1027, L-00-1028; State v. Willis (Sept. 22, 2000), Lucas App. No. L-99-1275; State v. Emch (Sept. 22, 2000), Lucas App. No. L-99-1292; State v. Wilson (May 19, 2000), Lucas App. No. L-99-1124; State v. Sager (Dec. 10, 1999), Ottawa App. No. OT-99-032; State v. Shirk (July 16, 1999), Lucas App. No. L-98 1094; State v. Zalecki (Apr. 23, 1999), Lucas App. No. L-98-1266; State v. Collignon (Mar. 31, 1998), Lucas App. No. L-97-1189. Appellant has, therefore, failed to establish inconsistency in his sentence.
 {¶ 9} Secondly, appellant argues that his sentence is contrary to law because the trial court did not make the findings required by R.C. 2929.14(B) on the record. R.C. 2929.14(B) requires the court to impose the minimum sentence on someone who has not previously served a prison term "unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.12(B) enumerates aggravating circumstances and provides for any other relevant aggravating factors. R.C. 2929.12(C) lists mitigating factors and also provides for any other relevant mitigating factors.
 {¶ 10} The trial court found on the record the following reasons why the minimum prison term would demean the seriousness of appellant's conduct. First, the victim was 17 years old. Second, appellant was intoxicated. Third, appellant was driving with a suspended license. Fourth, appellant fled the scene leaving the victim in the street. Fifth, appellant fled the scene at a high rate of speed. Sixth, appellant ran several stop signs in fleeing. Seventh, the offense was on Halloween night. Eighth, the impact upon the victim's family was severe.
 {¶ 11} That appellant was intoxicated and driving under suspension are not aggravating circumstances because they constitute the offense itself, R.C. 2929.12(B), raising what would otherwise be a third degree felony to a first degree felony. R.C. 2903.06(B)(1)(a). The other six factors, however, are relevant and aggravating. They provide reasons, on the record, why the minimum prison term would demean the seriousness of the offender's conduct. The trial court did, however, find relevant and mitigating the fact that appellant was genuinely remorseful. For this reason an eight year prison term was imposed instead of the possible maximum sentence of ten years.
 {¶ 12} Moreover, the trial court found recidivism more likely because appellant was awaiting sentencing on another DUI offense at the time of this offense, had 24 traffic violations since 1988, had a history of alcohol and drug abuse, and did not respond favorably to previous sanctions. Deviation from the minimum is also warranted, therefore, because the public must be protected from appellant's propensity to offend again. For these reasons, the trial court's sentence was supported on the record by the findings necessary under R.C. 2929.14(B). Appellant's sole assignment of error is found not well taken.
 {¶ 13} On consideration whereof, this court finds that appellant's sentence was not contrary to law, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
Judgment affirmed.
Handwork, P.J., Knepper and Pietrykowski, JJ., concur.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J., Mark L.Pietrykowski, J., Concur.