JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Anthony Shafer ("Shafer"), appeals his consecutive prison sentences imposed at his resentencing hearing for his convictions of rape and gross sexual imposition. A jury found Shafer guilty of one count of rape of a child under the age of 13 and four counts of gross sexual imposition. Shafer was sentenced to five years in prison for rape and one year for each of the four counts of gross sexual imposition, to run concurrent with each other and consecutive to the five year sentence for rape. On appeal, this court affirmed Shafer's conviction, but reversed and remanded Shafer's consecutive sentence because the trial court did not satisfy the statutory criteria listed in R.C.2929.14(E)(4)(a), (b), or (c) at the time of sentencing. At the subsequent resentencing hearing, the trial court imposed the same sentence.
 {¶ 2} Shafer's sole assignment of error maintains that the trial court erred in imposing the consecutive sentences at his resentencing hearing by not complying with the statutory requirements in R.C. 2929.14(E)(4). In particular, Shafer asserts that the trial court based its finding that a consecutive sentence would not be disproportionate to the seriousness of Shafer's conduct on the inappropriate belief that separate crimes must receive separate punishment under the sentencing guidelines. Shafer also asserts that the trial court neither made a finding of nor gave reasons for finding that Shafer's consecutive sentence was not disproportionate to the danger Shafer posed to the public. Further, Shafer asserts that while the trial court found that the harm caused by Shafer was so great that no single prison term would adequately reflect the seriousness of Shafer's conduct, the trial court failed to give a reason for this finding. Upon review of the record, however, Shafer's assertions are without merit.
 {¶ 3} R.C. 2929.14(E)(4) provides as follows:
 {¶ 4} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 5} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 6} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 7} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 8} When imposing consecutive sentences, the trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing.State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473, at paragraph 1 of syllabus. The Comer court emphasized the statutory requirement that findings and reasons be stated on the record, as opposed to in a journal entry, to enable an "appellate court [to] conduct a meaningful review of the sentencing decision." Id. at ¶ 21; see, also, State v. Leach, Cuyahoga App. No. 82836, 2004-Ohio-1675, ¶ 19.
 {¶ 9} Here, the resentencing record is replete with the trial court's reasons and findings warranting a consecutive sentence for Shafer's crimes. First, Shafer does not dispute the adequacy of the trial court's reasons in finding that the consecutive sentence is "necessary to protect the public from future crime or to punish the offender." Second, the trial court, in finding that the consecutive sentence is not disproportionate to the seriousness of Shafer's conduct, reasoned that Shafer abused his authority as the religious pastor of the church to which the victim and her family belonged by brainwashing the young girl to engage in sexual activity. The trial court further held that imposing a consecutive sentence would not be disproportionate to Shafer's crimes because the victim was a child under the age of 13 and saw Shafer as a man to trust based on his religious position.
 {¶ 10} Third, the trial court also found that Shafer's consecutive sentence is not disproportionate to the danger Shafer poses to the public. Shafer's failure to take responsibility for the crimes committed and failure to show remorse coupled with the fact that Shafer believes he is a religious martyr demonstrates that Shafer is" still a dangerous individual" — one requiring a consecutive sentence for such an insidious offense on a child under the age of 13.
 {¶ 11} Finally, the trial court found that, pursuant to R.C.2929.14(E)(4)(b), the harm caused to the young victim was so great that no single prison term for any of the crimes adequately reflected the seriousness of Shafer's conduct. The trial court reasoned that each offense occurred over approximately one year which gave Shafer, a self-proclaimed religious man, an opportunity to realize his behavior and stop. Shafer, however, did not. Instead, over the course of one year, Shafer allowed the offenses and violations of trust to continue, escalating from a kiss to fondling to more serious molestation levels, such as oral sex. The continuing and escalating nature of the crimes, in addition to Shafer's lack of remorse and lack of acceptance, were the reasons cited by the trial court in imposing a consecutive sentence as opposed to a single prison term.
 {¶ 12} Because the trial court gave its reasons and findings in compliance with the statutory requirements in R.C.2929.14(E)(4), Shafer's assignment of error is overruled. Thus, the trial court's imposition of a consecutive sentence at Shafer's resentencing is affirmed.
 {¶ 13} The judgment is affirmed.
Judgment affirmed.
 Dyke and Gallagher, JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.