JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Donald Swank ("appellant") appeals from the trial court's decision rendered on August 29, 2003. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} According to the facts in the case sub judice, E.F., the victim in this case, was raped by appellant and his wife for a period of approximately six years. The violations occurred from the time that the child was four-years-old until about the age of eleven. The victim would spend almost every weekend at the Swank residence over the six-year period. It was during these visits to the Swank residence that the victim was raped.[1] At the time, the Swanks were family friends who served as weekend or overnight babysitters for the victim.
 {¶ 3} The victim was abused on many different occasions. For example, on one occasion the victim recalled that appellant would hold her down by the shoulders while Maryanne Swank would hold her feet. The victim further indicated that appellant would be on top of her and would put his private part inside her private part. When asked if anything came out of his private part, she responded, "white stuff came out and he showed me when he wiped it on the bed."[2] The victim also indicated that appellant would touch her buttocks with his hands and kiss her cheek and mouth with his lips. She explained that, "he tried to use his tongue, but I held my mouth shut."[3] The victim was also asked if she was ever shown movies at the appellant's home. She explained that while they were touching her, the television was usually turned on to channel 22 and that there were movies with nude adults.[4]
 {¶ 4} Social worker Altiere introduced an anatomically correct picture of a child about the victim's age and asked her to circle where appellant touched her. The victim circled the hair, shoulders, chest, stomach, vaginal area and buttocks. The victim was then shown an anatomically correct picture of an adult male and was asked to circle what appellant touched her with. The victim circled the mouth, stomach, hands, and penis. When shown an anatomically correct picture of an adult female, the victim was asked to circle what Maryanne Swank touched her with. The victim circled the mouth, breasts, and vagina.[5]
 {¶ 5} Appellant threatened the victim and told her that if she informed anyone about the abuse, he would bury her in a hole in the backyard behind the garage.[6] The victim recalled another time when the appellant threatened her. She explained that she was taking a bath at the Swank's home when appellant came into the bathroom and "put my head in the water" and stated "I'm not playing with you — you better not say anything."[7] The victim stated, "I couldn't breathe much." The victim estimated that she was five or six years old when this particular incident occurred.
 {¶ 6} Appellant was indicted on March 4, 2003 by the Cuyahoga County Grand Jury with forty-two counts of rape in violation of2907.02, thirty-six counts of gross sexual imposition in violation of 2907.05, and thirty-six counts of kidnaping in violation of 2905.01. On July 7, 2003, appellant pleaded guilty to six counts of rape of the same person, who was under thirteen years of age, without compulsion of force, (counts one through six, as amended), each in violation of R.C. 2907.02. Each count alleged a felony of the first degree. The remaining counts seven through one hundred fourteen were nolled.
 {¶ 7} On August 27, 2003, the court imposed sentences of six years on each of counts one and two, and two years on each of counts three through six. The sentences on counts one, two and three were ordered to run consecutively to one another, while the sentences on the remaining counts ran concurrently to one another as well as to the sentences on the other counts. Therefore, the complete sentence imposed by the lower court totaled fourteen years.
 II. {¶ 8} Appellant's first assignment of error states: "The trial court erred by imposing consecutive sentences when it failed to make findings required by R.C. 2929.14(E)(4) with reasons in support thereof."
 {¶ 9} R.C. 2929.14(E)(4) states the following:
"(4) If multiple prison terms are imposed on an offender forconvictions of multiple offenses, the court may require theoffender to serve the prison terms consecutively if the courtfinds that the consecutive service is necessary to protect thepublic from future crime or to punish the offender and thatconsecutive sentences are not disproportionate to the seriousnessof the offender's conduct and to the danger the offender poses tothe public, and if the court also finds any of the following:
 "(a) The offender committed one or more of the multipleoffenses while the offender was awaiting trial or sentencing,was under a sanction imposed pursuant to section 2929.16,2929.17, or 2929.18 of the Revised Code, or was underpost-release control for a prior offense.
 "(b) At least two of the multiple offenses were committed aspart of one or more courses of conduct, and the harm caused bytwo or more of the multiple offenses so committed was so great orunusual that no single prison term for any of the offensescommitted as part of any of the courses of conduct adequatelyreflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstratesthat consecutive sentences are necessary to protect the publicfrom future crime by the offender." (Emphasis added.)
 {¶ 10} R.C. 2929.14(E)(4) governs the imposition of consecutive sentences. It provides that a court may impose consecutive sentences only when it concludes that the sentence is: (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one of the following applies: (a) the offender committed the offenses while awaiting trial or sentencing, under sanction or under post-release control; (b) the harm caused by the multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. State v. Patterson, Cuyahoga App. No. 80409, 2002-Ohio-3100.
 {¶ 11} Thus, R.C. 2929.14(E)(4) requires the trial court to make at least three findings prior to sentencing an offender to consecutive sentences and, pursuant to R.C. 2929.19(B)(2)(c), the trial court must give the reasons behind its findings. Failure to sufficiently state these reasons on the record constitutes reversible error. Patterson, at paragraph 33; State v. Gary
(2001), 141 Ohio App.3d 194, 196-198; State v. Beck, Cuyahoga App. No. 75193, 2000-Ohio-1349.
 {¶ 12} The record clearly demonstrates that the trial court met the requirements above before ruling that appellant would serve his sentences consecutively. The trial court did not invoke the exact words of the statute; however, that is not required by R.C. 2929.14(E)(4). Under R.C. 2929.19(B)(2)(c), if the trial court imposes consecutive sentences, it must make a finding on the record that gives its reason for imposing consecutive sentences. State v. Klepatzski, Cuyahoga App. No. 81676, 2003-Ohio-1529; State v. Nichols, Cuyahoga App. Nos. 75605, 75606, 2000-Ohio-767. The record must demonstrate that the trial court's decision-making process included all of the statutorily required sentencing considerations. See Klepatzski, supra;Nichols, supra, citing State v. Edmonson (1999),86 Ohio St.3d 324. The trial court need not use the exact words of the statute; however, it must be clear from the record that the trial court made the required findings. State v. Urquhart, Cuyahoga App. No. 81869, 2003-Ohio-4052, paragraph 25. State v. Garrett
(Sept. 2, 1999), Cuyahoga App. No. 74759.
 {¶ 13} The exchange between the court and the parties during the August 27, 2003 sentencing hearing clearly demonstrates the trial court's compliance with the R.C. 2929.14(E) and2929.19(B)(2)(c) consecutive sentencing requirements.
"The Court: Okay. Well I know that you have no prior sentence— or prior felony convictions, and that there is a presumptionthat you should receive the minimum, which is a mandatory threeyears. But given the nature of this long history, and pattern ofabuse, that would obviously demean the seriousness of theoffense, and certainly would not protect other young childrenfrom your future behavior.
 "You used your relationship, you offended this young victim,who was a neighbor. You invited her repetitively to spend theweekend at your house. You did assume the roll of a friend,maybe, or a relative of some extent, or you attempted to.
 "This victim was five years old at the time that this abusestarted. It happened, according to her, almost every weekend thatshe spent at your house, over a course of approximately sixyears. You physically threatened her with death if she informedanybody what was going on. You coerced your wife/co-defendant tohelp physically restrain the victim at certain times during theseactions. You've caused serious physical harm and emotional andmental harm to this victim, who now finds herself in foster care.You committed some acts of sexual abuse against her sister. Andas you sit here today, despite pleading guilty, you've attemptedto minimize and/or deny your involvement in these offenses.
 "Based upon those reasons, the court is going to imposeconsecutive sentences on the various counts. You pled guilty tocounts one though six. Those are all rapes, first degreemisdemeanors — I mean first degree felonies, excuseme."[8]
 {¶ 14} In the case sub judice, the trial court specifically determined that consecutive terms were necessary to protect the public in light of the nature of this long history and pattern of abuse. The consecutive sentences were not disproportionate and there were severe multiple offenses committed. Accordingly, based on the evidence, the trial court made the requisite findings and stated adequate reasons to support those findings as required by law. In addition, the court provided additional rationale regarding appellant's deplorable behavior and lack of remorse, further supporting the trial court's sentence.
 {¶ 15} Appellant's first assignment of error is overruled.
 III. {¶ 16} Due to the substantial interrelation of appellant's second and sixth assignments of error and for the sake of judicial economy, they will be addressed together in this section. Appellant's second assignment of error states: "The trial court improperly considered uncharged acts as an aggravating factor at sentencing." Appellant's sixth assignment of error states: "The trial court improperly considered uncharged acts as an aggravating factor in its sexual predator determination."
 {¶ 17} We find that the trial court did not improperly consider uncharged acts as an aggravating factor at sentencing or in its sexual predator determination. R.C. 2929.12 expressly provides that the trial court shall consider certain seriousness and recidivism factors and, in addition, may consider any otherfactors that are relevant to achieving [the] purposes andprinciples of sentencing. State v. Frankos, Cuyahoga App. No. 78072, 2001-Ohio-3712.
 {¶ 18} In the case sub judice, the trial court mentioned that appellant made sexual advances toward the victim's sister. However, if this was indeed error, it would only be harmless error. This is because the court relied on other additional factors set forth in the record before determining the appropriate classification and sentence for appellant.
 {¶ 19} We find that the trial court acted properly. Accordingly, appellant's second and sixth assignments of error are overruled.
 IV. {¶ 20} Appellant's third assignment of error states: "The trial court failed to adequately ensure that its total sentence was proportionate to sentences being given to similarly situated offenders who have committed similar offenses."
 {¶ 21} We find that the trial court adequately ensured that its total sentence was proper. R.C. 2929.11 sets forth Ohio's purposes and principles of felony sentencing to be implemented by sentencing courts by applying the appropriate sentencing section of the code. R.C. 2929.11, purposes of felony sentencing; discrimination prohibited, states the following:
"(A) A court that sentences an offender for a felony shall beguided by the overriding purposes of felony sentencing. Theoverriding purposes of felony sentencing are to protect thepublic from future crime by the offender and others and to punishthe offender. To achieve those purposes, the sentencing courtshall consider the need for incapacitating the offender,deterring the offender and others from future crime,rehabilitating the offender, and making restitution to the victimof the offense, the public, or both.
 "(B) A sentence imposed for a felony shall be reasonablycalculated to achieve the two overriding purposes of felonysentencing set forth in division (A) of this section,commensurate with and not demeaning to the seriousness of theoffender's conduct and its impact upon the victim, and consistentwith sentences imposed for similar crimes committed by similaroffenders.
 "(C) A court that imposes a sentence upon an offender for afelony shall not base the sentence upon the race, ethnicbackground, gender, or religion of the offender."
 {¶ 22} R.C. 2929.11 sets forth the purposes and principles of felony sentencing; it does not require the court to make specific findings. R.C. 2929.11 sets forth Ohio's purposes and principles of felony sentencing, which are to be implemented by sentencing courts by applying the appropriate sentencing section of the Revised Code, i.e., R.C. 2929.14. R.C. 2929.11 (B) does notrequire the trial court make specific findings; rather, it sets forth objectives for sentencing courts to achieve. State v.Bolton, Cuyahoga App. No. 80263, 2002-Ohio-4571.
 {¶ 23} It is clear from the evidence and record previously discussed that the lower court considered the appropriate circumstances and utilized the proper factors with regard to the statutory requirements when sentencing appellant. Furthermore, appellant failed to demonstrate that his sentence was either disproportionate or inconsistent to sentences given in similar cases. There is nothing in the record which indicates that the trial court failed to consider the purposes and principles of R.C. 2929.11 in sentencing the defendant.
 {¶ 24} We, therefore, overrule appellant's third assignment of error.
 V. {¶ 25} Appellant's fifth assignment of error states: "The evidence is insufficient, as a matter of law, to prove `by clear and convincing evidence' that Mr. Swank `is likely to engage in the future in one or more sexually oriented offenses.'"
 {¶ 26} We find that the evidence is sufficient as a matter of law to prove, by clear and convincing evidence, that appellant is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 27} R.C. 2950.09(B)(3) states the following:
"(3) In making a determination under divisions (B)(1) and (4)of this section as to whether an offender or delinquent child isa sexual predator, the judge shall consider all relevantfactors, including, but not limited to, all of the following:
 "(a) The offender's or delinquent child's age;
 "(b) The offender's or delinquent child's prior criminal ordelinquency record regarding all offenses, including, but notlimited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offensefor which sentence is to be imposed or the order of dispositionis to be made;
 "(d) Whether the sexually oriented offense for which sentenceis to be imposed or the order of disposition is to be madeinvolved multiple victims;
 "(e) Whether the offender or delinquent child used drugs oralcohol to impair the victim of the sexually oriented offense orto prevent the victim from resisting;
 "(f) If the offender or delinquent child previously has beenconvicted of or pleaded guilty to, or been adjudicated adelinquent child for committing an act that if committed by anadult would be, a criminal offense, whether the offender ordelinquent child completed any sentence or dispositional orderimposed for the prior offense or act and, if the prior offense oract was a sex offense or a sexually oriented offense, whether theoffender or delinquent child participated in available programsfor sexual offenders;
 "(g) Any mental illness or mental disability of the offenderor delinquent child;
 "(h) The nature of the offender's or delinquent child'ssexual conduct, sexual contact, or interaction in a sexualcontext with the victim of the sexually oriented offense andwhether the sexual conduct, sexual contact, or interaction in asexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender or delinquent child, during thecommission of the sexually oriented offense for which sentence isto be imposed or the order of disposition is to be made,displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics thatcontribute to the offender's or delinquent child's conduct."
(Emphasis added.)
 {¶ 28} The record in the case sub judice demonstrates that the trial court complied with the statutory mandates and properly considered the appropriate factors set forth in R.C.2950.09(B)(3). The record demonstrates that the trial court judge acted properly. We find the comments of the trial court judge previously mentioned in this opinion to be proper and sufficient to constitute clear and convincing evidence.[9]
 {¶ 29} Therefore, we find that the evidence in the case sub judice constitutes clear and convincing evidence that appellant committed a sexually oriented offense and is likely to reoffend.
 {¶ 30} Appellant's fifth assignment of error is overruled.
 VI. {¶ 31} Appellant's fourth assignment of error states: "R.C.2950.01 et seq., as applied to Mr. Swank violates Art. I, Sec. 10, of the United States Constitution as ex post facto legislation, and violates Art. II, Sec. 28, of the Ohio Constitution as retroactive legislation."
 {¶ 32} R.C. 2950.01 as applied to appellant does not violate Article I, Section 10, of the United States Constitution as retroactive legislation. Before we turn to the retroactivity and ex post facto analysis, we must note that statutes enjoy a strong presumption of constitutionality. "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." State ex rel. Dickman v. Defenbacher
(1955), 164 Ohio St. 142, paragraph one of the syllabus. "A regularly enacted statute of Ohio is presumed to be constitutional and is therefore entitled to the benefit of every presumption in favor of its constitutionality." Id. at 147. "That presumption of validity of such legislative enactment cannot be overcome unless it appear[s] that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution." Xenia v. Schmidt (1920),101 Ohio St. 437, paragraph two of the syllabus; State ex rel.Durbin v. Smith (1921) 102 Ohio St. 591; Dickman v.Defenbacher (1955), 164 Ohio St. 142 at 147.
 {¶ 33} In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court reviewed the appellate court's decision and determined that R.C. 2950.01 et seq. did not violate either the ex post facto clause nor the retroactivity clause of the Constitution. In so finding, the Ohio Supreme Court reversed the appellate decision and reinstated the trial court's decision. Therefore, 2950.01 et seq. does not unconstitutionally violate the ex post facto clause, nor the retroactivity clause.
 {¶ 34} Appellant's fourth assignment of error is found to be without merit.
 {¶ 35} Accordingly, appellant's six assignments of error are overruled.
 {¶ 36} The lower court's decision is hereby affirmed.
Michael J. Corrigan, A.J., concurs; Patricia Ann Blackmon, J.,concurs in judgment only (separate concurring opinion attached.)
[1] State's exhibit 1, at 3-12.
[2] State's exhibit 1, at 6.
[3] State's exhibit 1, at 6.
[4] State's exhibit 1, at 6.
[5] State's exhibit 1, at 7.
[6] State's exhibit 1, at 5.
[7] State's exhibit 1, at 6.
[8] See August 27, 2003 sentencing hearing transcript, pp. 26-28.
[9] See Tr. pp. 17-19. Relevant transcript portions are reproduced in our review of appellant's first assignment of error in this opinion. Transcript portions start as, "The Court: Okay. Well I know that you have no prior sentence — or prior felony convictions, and that there is a presumption that you should receive the minimum, which is a mandatory three years. But given the nature of this long history, and pattern of abuse, that would obviously demean the seriousness of the offense, and certainly would not protect other young children from your future behavior. * * *"