OPINION
{¶ 1} Riyad S. Altalla, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas in which the court found him guilty of trafficking in cocaine, a violation of R.C. 2925.03 and second-degree felony, and trafficking in cocaine, a violation of R.C. 2925.03 and third-degree felony, pursuant to his plea of guilty.
 {¶ 2} After receiving complaints about a bar, Hammer Jack's, the police began an investigation of appellant, who operated the bar. On November 29, 2001, appellant sold 12.47 grams of crack cocaine to an undercover officer for $700. On December 4, 2001, appellant sold 25.23 grams of crack cocaine to an undercover officer for $1,250. On December 15, 2001, appellant sold 3.29 grams of cocaine to an undercover officer for $225.
 {¶ 3} On July 19, 2002, appellant was indicted on three counts of trafficking in cocaine. The first count was a second-degree felony, the second count was a first-degree felony, and the third count was a fourth-degree felony. After he was indicted, appellant gave authorities the name of an individual who was going to be murdered by a local gang and allowed police to wire the bar he operated. Although appellant agreed to testify at the trial relating to this thwarted murder, prior to trial, appellant obtained an illegal passport, after the police confiscated his, and violated the terms of his release by returning to his home country of Qatar. Columbus police then traveled to Qatar and retrieved appellant.
 {¶ 4} Appellant eventually pled guilty to Count 1 and Count 2, which was reduced to a third-degree felony, and the remaining count was dismissed. After a sentencing hearing, the trial court sentenced appellant to a three-year term of incarceration on Count 1 and a two-year term of incarceration on Count 2. The court ordered that the terms be served consecutively. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
The trial court erred in imposing consecutive terms of imprisonment, in violation of R.C. 2929.14(E)(4).
 {¶ 5} Appellant asserts in his assignment of error that the trial court erred in imposing consecutive terms of imprisonment. Before addressing the merits of appellant's assignment of error, we must address an argument raised by the State of Ohio ("state"), plaintiff-appellee. The state asserts that, in order for appellant to appeal his consecutive sentences, appellant either had to meet the conditions of R.C. 2953.08(C) or had to assert that the sentences were contrary to law under R.C.2953.08(A)(4), but failed to do either. R.C. 2953.08(C) permits consecutive sentences to be reviewed when the sentence exceeds the maximum prison term allowed for the most serious offense of which the defendant was convicted. In the present case, appellant's five-year sentence did not exceed the eight-year maximum prison term allowed for the second-degree trafficking offense. Thus, appellant could not base his appeal on R.C.2953.08(C). Accordingly, appellant had to base his appeal upon a claim that the sentence was contrary to law under R.C.2953.08(A)(4). The state argues appellant failed to assert that the sentence was contrary to law under R.C. 2953.08(A)(4), so there are no statutory grounds for the appeal. We disagree.
 {¶ 6} An appellant may establish that his sentence is contrary to law by one of two mutually exclusive means. State v.Short, Lucas App. No. L-03-1117, 2004-Ohio-2050, at ¶ 5. First, an appellant may show that his sentence was inconsistent with sentences of similar defendants in similar cases. Id., citingState v. Williams (Nov. 30, 2000), Lucas App. No. L-00-1027. Second, an appellant may demonstrate that the trial court did not make the statutorily required findings on the record before imposing the sentence. Id., citing State v. Wyatt, Pike App. No. 01CA672, 2002-Ohio-4479, at ¶ 52. In the present case, appellant has argued in his assignment of error that the trial court did not make the statutorily required findings in R.C.2929.14(E)(4) on the record. In accord with the second method inShort, this court has held that, when a defendant's argument on appeal is essentially that the trial court erred by not complying with Ohio felony sentencing laws, the defendant has appealed on the ground that his sentence is contrary to law pursuant to R.C.2953.08(A)(4). See State v. Price, Franklin App. No. 03AP-459, 2004-Ohio-1223, at ¶ 10. Therefore, appellant's appeal has been properly brought under R.C. 2953.08(A)(4), and we may address the merits of appellant's assignment of error.
 {¶ 7} A trial court's sentence will not be disturbed unless there is clear and convincing evidence that the sentence is contrary to law. R.C. 2953.08(G)(2)(b); State v. Stern (2000),137 Ohio App.3d 110, 114. Clear and convincing evidence must "`produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" State v.Bay (2001), 145 Ohio App.3d 402, 405, quoting Cross v. Ledford
(1954), 161 Ohio St. 469, 477. In applying this standard of review, we neither substitute our judgment for that of the trial court nor defer to the trial court's discretion. See R.C.2953.08(G)(2). Rather, we look to the record to determine whether the sentencing court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record supporting those findings; and (4) properly applied the statutory guidelines. See State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165; Griffin Katz, Ohio Felony Sentencing Law (1998) 495, Section 9.16. If the trial court failed to state the required findings under R.C. 2929.14(E)(4) on the record, this court must remand the case to the sentencing court and instruct the sentencing court to state on the record the required findings. R.C. 2953.08(G)(1).
 {¶ 8} A court may not impose consecutive sentences for multiple offenses unless it finds three statutory factors. R.C.2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Id. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c). Id.; see, also, Comer, at ¶ 13. The factors contained in R.C. 2929.14(E)(4)(a) through (c) are as follows: (a) the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense; (b) the harm caused by the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as a part of a single course of conduct adequately reflects the seriousness of the offender's conduct; and (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. Comer, at paragraph one of the syllabus.
 {¶ 9} We have reviewed the transcript of the sentencing in this matter. Concerning the required findings under R.C.2929.14(E)(4), the trial court found that consecutive sentences were necessary to protect the public from future offenses, were not disproportionate to the conduct that was involved in this matter, and were part of a course of conduct. The court further found that the harm caused by the offenses was great and unusual, and a single term would not adequately reflect the seriousness of the conduct. Thus, the trial court made the statutorily enumerated findings.
 {¶ 10} The trial court was also required to give reasons to support the statutorily enumerated findings at the sentencing hearing. Although in the present case the trial court's reasons for imposing consecutive sentences were not precisely aligned, we find its analysis was sufficient. As to the court finding that consecutive sentences are necessary to protect the public from future crime or to punish the offender, the court stated that appellant trivialized his criminal activities by contending that he was merely acting as a middleman between his bar patrons and the drug supplier. In the pre-sentence investigation report, appellant termed his activities as a mere "service" to his bar patrons. Appellant also told the judge at the sentencing hearing that he sold the cocaine just to stimulate business and get customers to come to the bar. A defendant's attempt to unjustifiably minimize his or her offense may be a reason in support of consecutive sentences. See State v. Swank, Cuyahoga App. No. 83512, 2004-Ohio-3612, at ¶ 13-14 (attempts to minimize behavior and lack of remorse support imposition of consecutive sentences); State v. Yirga, Wyandot App. No. 16-01-24, 2002-Ohio-2832, at ¶ 28 (attempts to minimize behavior support imposition of consecutive sentences). In addition, in attempting to minimize his crime, appellant claimed at the hearing to have made no money on the transactions; however, the pre-sentence investigation report indicated that, during one of the transactions, appellant told the undercover officers that he needed to make some money on the deal, thereby undermining his claim that his actions were a mere "service" from which he did not profit. Therefore, appellant's failure to acknowledge and appreciate the seriousness of his crime demonstrates that appellant was likely to continue such activities, and consecutive sentences were necessary to protect the public from this future conduct.
 {¶ 11} As to the court's finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, the trial court stated that this crime was a more serious offense because appellant was happy to do business with his clients until he got caught. The present case was not one in which the criminal would have stopped his behavior on his own. Rather, appellant believed he was doing nothing wrong and would have continued his criminal activity and would have posed a threat to the public indefinitely. Further, the court found that appellant posed a great danger to the public because he was a "major part" of selling the cocaine. Therefore, we find the trial court stated reasons to support its finding that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger he posed to the public, and such reasons were supported by substantial evidence.
 {¶ 12} As for the existence of one of the enumerated circumstances contained in R.C. 2929.14(E)(4)(a) through (c), the trial court found that the harm caused by the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as a part of a single course of conduct adequately reflected the seriousness of the offender's conduct, pursuant to subsection (b). The trial court found that appellant engaged in a course of conduct by selling drugs to undercover officers and would have continued selling drugs had he not been arrested. Also, as explained above, appellant's failure to acknowledge the seriousness of his criminal activity makes the harm caused by his offenses greater than usual. If appellant had not been arrested, he would have continued to harm the public for the foreseeable future. Appellant showed no remorse for his crimes and failed to accept responsibility for his actions. Lack of remorse and lack of acceptance may be used by the trial court as a reason to impose a consecutive sentence as opposed to a single prison term, pursuant to R.C. 2929.14(E)(4)(b). State v.Shafer, Cuyahoga App. No. 83290, 2004-Ohio-2555, at ¶ 11 (the defendant's lack of remorse and lack of acceptance were reasons cited by the trial court in imposing a consecutive sentence as opposed to a single prison term); State v. King, Cuyahoga App. No. 81905, 2003-Ohio-6489, at ¶ 42 (the defendant's complete and utter lack of remorse for the crimes he committed supports the imposition of consecutive sentences); State v. Brindley,
Franklin App. No. 01AP-926, 2002-Ohio-2425, at ¶ 20 (lack of remorse supports the imposition of consecutive prison terms). Thus, the trial court stated its reasons for finding the harm caused by appellant's offenses was so great or unusual that no single prison term for any of the offenses committed adequately reflected the seriousness of the offender's conduct, and such reasons were supported by substantial evidence. For the foregoing reasons, the trial court did not err in imposing consecutive terms of imprisonment, pursuant to R.C. 2929.14(E)(4), and appellant's assignment of error is overruled.
 {¶ 13} Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bowman and Sadler, JJ., concur.