DECISION AND JUDGMENT ENTRY
{¶ 1} Livorio and Marisel Sandoval, who are brother and sister, appeal their consecutive sentences from the Lucas County Court of Common Pleas. Because the trial court did not err in imposing consecutive sentences and they are not contrary to law, we affirm.
 {¶ 2} The Sandovals, along with a juvenile who was prosecuted through that court system, participated in a spree of armed bank robberies in Toledo, Ohio, between the months of May and August 2003. The record reflects that Livorio was the gun-man and Marisel the getaway driver. In the first robbery, May 5, 2003, $6,982 was taken from the Key Bank on Suder Avenue. On June 13, 2003, $20,000 was taken from the National City Bank on Lewis Avenue. On July 10, 2003, $13,000 was taken from the National City Bank on East Manhattan Boulevard. Finally, on August 8, 2003, $17,000 was taken from the National City Bank on Lewis Avenue.
 {¶ 3} The Sandovals were eventually arrested and indicted on four second degree felony counts of robbery — violations of R.C.2911.02(A)(2). Both Livorio and Marisel cooperated with police, entered no contest pleas, and were sentenced. Livorio received four consecutive minimum two year terms, for eight years of incarceration. Marisel received three consecutive two year terms, with another two year term to be served concurrently, for six years of incarceration.
 {¶ 4} The Sandovals now appeal and raise a sole assignment of error: "The imposition of multiple consecutive sentences against the appellants was unsupported by the record and contrary to law."
 {¶ 5} When consecutive sentences are being appealed under R.C. 2953.08(C), if the allegation is that the consecutive sentences imposed exceeded the maximum prison term allowed for the most serious offense, the defendant must first seek leave to appeal those sentences. State v. Coker, 6th Dist. No. H-03-019,2004-Ohio-1649, at ¶ 7-8; State v. Hanson (Mar. 22, 2002), 6th Dist. No. L-01-1217. The Sandovals did not seek leave to appeal, but in neither case did the sentence exceed eight years (the maximum prison term allowed for a second degree felony).
 {¶ 6} Instead, the Sandovals appeal under R.C. 2953.08(A)(4), which allows a defendant to appeal a sentence as a matter of right when it is contrary to law. When a sentence is alleged to be contrary to law, a reviewing court will "look to the record to determine whether the sentencing court (1) considered the statutory factors, (2) made the required findings, (3) relied on substantial evidence in the record to support those findings, and (4) properly applied the statutory guidelines." (citations omitted) State v. Longnecker, 4th Dist. No. 02CA76,2003-Ohio-6208, at ¶ 36.
 {¶ 7} An appellate court may not disturb a sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G)(2). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, at paragraph three of the syllabus. We are not to substitute our judgment for that of the trial court nor defer to the trial court's discretion.State v. Altalla, 10th Dist. No. 03AP-1127, 2004-Ohio-4226, at ¶ 7. See also, R.C. 2953.08(G)(2). The record to be examined by a reviewing court includes the presentence investigative report, the trial court record in the case, and any sentencing hearing statements. R.C. 2953.08(F)(1)-(3). See also, State v. Boshko
(2000), 139 Ohio App.3d 827, 835.
 {¶ 8} R.C. 2929.11(A) requires that the sentencing judge be guided by "the overriding purposes of felony sentencing," which are to protect the public from future crime and to punish the offender. Under R.C. 2929.11(B), the trial court must impose a sentence "commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses by similar offenders." Unless a mandatory prison term is required, the trial court has discretion to determine the most effective way of achieving those purposes and principles, but the court must consider factors set forth in subdivisions (B), (C), (D), and (E) of R.C. 2929.12. These factors relate to the seriousness of the offense and the likelihood that the offender will commit future crimes. The sentencing court also may consider additional factors that it finds relevant to achieving the R.C.2929.11 purposes and principles of sentencing. R.C. 2929.12(A).
 {¶ 9} The Sandovals pleaded no contest to four robberies, felonies of the second degree where prison terms may be two, three, four, five, six, seven, or eight years. R.C.2929.14(A)(2). Second-degree felonies carry a presumption "that prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." R.C. 2929.13(D). The Sandovals were sentenced to the minimum prison term for each count. Therefore, the trial court was not required to "give its reasons for finding that the seriousness of the offense will be demeaned or that the public will not be adequately protected by a minimum sentence." Statev. Veres, 6th Dist. No. S-03-030, 2004-Ohio-4141, at ¶ 13.
 {¶ 10} Under R.C. 2929.14(E)(4), a trial court is justified in imposing consecutive sentences if it finds that, "consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C.2929.14(E)(4). In addition, the court must find one of the following: that the offender committed one or more of the multiple offenses while awaiting trial or sentencing, was under community control sanction, or was under post-release control for a prior offense; that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed were so great or unusual that a single prison term does not adequately reflect the seriousness of the offender's conduct; or that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(E)(4)(a)-(c). In short, the trial court must find both factors under R.C.2929.14(E)(4) and one of the three in R.C. 2929.14(E)(4)(a)-(c) before imposing a consecutive sentence. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 13. The trial court must state its reasons for imposing consecutive sentences at the sentencing hearing. R.C. 2929.19(B)(2)(c); Comer, supra, at ¶ 20.
 {¶ 11} At the sentencing hearing, the trial court observed that the Sandovals "terrorized a lot of people and they robbed a lot of banks and they did so at gunpoint. And the impact on the victims had to be severe." One of the victim impact statements of a bank employee was read into the record: "I now wake up with nightmares of being robbed while at work or at home. I am now sensitive and become startled when I hear loud noises, yelling, door slamming, et cetera. I feel very insecure at work. I have the peace of mind while at work. My heart races over simple things, such as a customer handing me a transaction." The court noted, "this impact on this one teller can be multiplied numerous times, I'm sure, with other employees of the bank and the people who were forced to lie on the floor at gunpoint by these defendants. So there's been significant impact on the victims." In short, the court chose R.C. 2929.14(E)(4)(b), as the spree caused "great or unusual" harm.
 {¶ 12} The trial court repeated that "consecutive sentencing is necessary in this case pursuant to Revised Code Section2929.11 and not disproportionate to the seriousness of the offenders' conduct or the danger they pose and I further find that the harm caused here was great or unusual." It continued that the "overriding purposes of sentencing according to the Ohio Revised Code is punishment and to protect the public from further crimes by the defendant and others. So there is also the element here of deterrence, which I have considered in this sentence."
 {¶ 13} Based on the above statements, we hold that the trial court has met the statutory requirements for imposing consecutive sentences. The trial court made the requisite findings and supported those findings with reasons. It is also clear after thoroughly reviewing the record that the Sandovals' sentences were not contrary to law. The sole assignment of error is, therefore, found not well-taken.
 {¶ 14} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal specified under App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Lanzinger, J., Concur.