DECISION AND JUDGMENT ENTRY
{¶ 1} Michael Culp appeals his sentence of six years of incarceration from the Fulton County Court of Common Pleas. Because we conclude that the trial court did not err in imposing more than the minimum sentence, we affirm.
 {¶ 2} Culp was indicted on one count of felonious assault, a violation of R.C. 2903.13(A)(1) and a felony of the second degree. Ultimately, he pleaded guilty to that offense and was sentenced to six years in prison. He now appeals and raises a sole assignment of error: "The court erred in imposing a six (6) years [sic] term of incarceration, for a felony of the second degree offense contrary to the statutory criteria listed in the Ohio Revised Code when the offender is a first time felon."
 {¶ 3} An appellate court may not disturb a sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G)(2). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, at paragraph three of the syllabus. We are not to substitute our judgment for that of the trial court or defer to the trial court's discretion.State v. Altalla, 10th Dist. No. 03AP-1127, 2004-Ohio-4226, at ¶ 7. See, also, R.C. 2953.08(G)(2). The record to be examined by a reviewing court includes the presentence investigative report, the trial court record, and any sentencing hearing statements. R.C. 2953.08(F)(1)-(3). See, also, State v. Boshko (2000),139 Ohio App.3d 827, 835.
 {¶ 4} R.C. 2929.11(A) requires that the sentencing judge be guided by "the overriding purposes of felony sentencing," which are to protect the public from future crime and to punish the offender. Under R.C. 2929.11(B), the trial court must impose a sentence "commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses by similar offenders." Unless a mandatory prison term is required, the trial court has discretion to determine the most effective way of achieving those purposes and principles, but the court must consider factors set forth in subdivisions (B), (C), (D) and (E) of R.C. 2929.12. These factors relate to the seriousness of the offense and the likelihood that the offender will commit future crimes. The sentencing court also may consider additional factors that it finds relevant to achieving the R.C.2929.11 purposes and principles of sentencing. R.C. 2929.12(A).
 {¶ 5} Culp pleaded guilty to one count of felonious assault, a felony of the second degree where prison terms may be two, three, four, five, six, seven, or eight years. R.C.2929.14(A)(2). Second-degree felonies carry a presumption that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. R.C. 2929.13(D). Culp received a six year prison. He was a first time felony offender as well. For such a sentence to be lawful, the court was required to make certain statutory findings under R.C. 2929.14(B) at the sentencing hearing. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at paragraph two of the syllabus.[1] In determining whether the findings have been made, we have not required the trial court to parrot the statute word for word. State v. Hill, 6th Dist. No. L-03-1208, 2004-Ohio-4145, at ¶ 4; State v. Jordan, 6th Dist. No. OT-03-009, 2004-Ohio-2775, at ¶ 21.
 {¶ 6} The sentencing hearing transcript reveals that the trial court did comply with all the statutory requirements for sentencing a first time felony offender to prison for more than the minimum term. The trial court specifically found that "due to the extensive criminal record and the serious, great serious physical harm that occurred here that Community Control is not amenable, and that prison in [sic] consistent with the purposes of Revised Code Section 2929.11. The Court further finds pursuant to Revised Code Section 2929.14(B) that due to the great harm that occurred here and the prior attempts at probation which have failed, and the prior, extensive criminal record, that the shortest prison term possible would demean the seriousness of the offense and not adequately protect the public and therefore imposes the greater term." Thus, it is clear that the court made the necessary finding under R.C. 2929.14(B)(2) to impose more than the minimum sentence upon Culp.
 {¶ 7} We find that the trial court did not violate R.C.2929.14(B) when it imposed more than the shortest prison term for a first time felony conviction. Culp's sole assignment of error is not well-taken. The judgment of the Fulton County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal as specified under App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Lanzinger, J., Singer, J., concur.
[1] R.C. 2929.14(B) states, "Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
"(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
"(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."